# EXHIBIT A

# REGISTER OF ACTIONS
## CASE No. 2016CV273833

| Sarah Wingard VS. Comcast Corporation | § § § § § § | | |
|---|---|---|---|
| | | Case Type: | **OTHER CIVIL CAUSE OF ACTION** |
| | | Date Filed: | **04/12/2016** |
| | | Location: | **EJ12** |
| | | Judicial Officer: | **GLANVILLE, URAL** |
| | | SB176 Case Cross Reference Number: | **0602016001647** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **DEFENDANT** | Comcast Corporation<br>Atlanta, GA 30361 | |
| | | |
| **PLAINTIFF** | Wingard, Sarah | **JUSTIN T HOLCOMBE**<br>*Retained*<br>P.O. BOX 1478<br>331 WASHINGTON AVENUE<br>MARIETTA, GA 30061-1478<br><br>770-427-5600(W) |
| | | James Marvin Feagle<br>*Retained*<br>108 E. Ponce De Leon Ave.<br>Ste. 204<br>Decatur, GA 30030<br><br>404-373-1970(W) |
| | | Kris K. Skaar<br>*Retained*<br>133 MIRRAMONT LAKE DR<br>WOODSTOCK, GA 30189<br><br>770-427-5600(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/18/2016 | **AFFIDAVIT OF SERVICE** |
| 04/18/2016 | **SUMMONS** |
| 04/12/2016 | **PLAINTIFF'S ORIGINAL PETITION** |
| 04/12/2016 | **CASE INITIATION FORM** |
| 04/12/2016 | **SUMMONS** |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **PLAINTIFF** Wingard, Sarah | | |
| | Total Financial Assessment | | 216.00 |
| | Total Payments and Credits | | 216.00 |
| | **Balance Due as of 05/06/2016** | | **0.00** |
| 04/13/2016 | Transaction Assessment | | 216.00 |
| 04/13/2016 | Efile GA Electronic Payment Receipt # 2016-51115 | Wingard, Sarah | (216.00) |

Fulton County Superior Court
***EFILED***RM
Date: 4/12/2016 7:13:09 PM
Cathelene Robinson, Clerk

# General Civil Case Filing Information Form (Non-Domestic)

| Court | County Fulton | Date Filed 04/12/2016 |
|---|---|---|
| ☑ **Superior** | | MM-DD-YYYY |
| ☐ **State** | Docket # 2016CV273833 | |

**Plaintiff(s)**                                    **Defendant(s)**

Wingard, Sarah                                      Comcast Corporation

| Last | First | Middle I. | Suffix Prefix | Maiden | | Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden | | Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden | | Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden | | Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Plaintiffs** ____1____          **No. of Defendants** ____1____

**Plaintiff/Petitioner's Attorney**          ☐ **Pro Se**

Holcombe,          Justin          T.

Last          First          Middle I.          Suffix

**Bar #** 552100

---

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify Statutory Action -
    Violations of 47 USC 227 (TCPA)

---

## If Tort is Case Type:
## (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

Fulton County Superior Court
***EFILED***RM
Date: 4/12/2016 7:13:09 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SARAH WINGARD, *on behalf of herself and all others similarly situated,* | * * * | |
| Plaintiff, | * * | |
| | * | 2016CV273833 |
| Vs. | * | Civil Action No._____ |
| | * * | |
| COMCAST CORPORATION, | * * | |
| Defendant | * * | |

## CLASS ACTION COMPLAINT

1.   Plaintiff, SARAH WINGARD ("Wingard"), on behalf of herself and all others similarly situated, alleges defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") by initiating non-emergency telephone calls using an automatic telephone dialing system ("ATDS") to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

### PARTIES AND JURISDICTION

2.   Plaintiff, Sarah Wingard, is a natural person residing in the County of Gwinnett, State of Georgia, and is authorized by law to bring this action.

3.   Defendant, Comcast Corporation ("Comcast"), is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business located at 1500 Market Street, Philadelphia, PA 19102.

4.   Comcast conducts business nationally, including throughout the State of Georgia and within Fulton County.

5.   Comcast provides cable television and internet services to customers throughout the State
     of Georgia and other states in the United States of America.

6.   In the course of its business, Comcast initiated telephone calls to Plaintiff's cellular
     telephone within the State of Georgia.

7.   Comcast's telephone calls to Plaintiff's cellular telephone in Georgia give rise to
     Plaintiff's causes of action.

8.   Comcast may be served by personal service upon its registered agent in the State of
     Georgia, CT Corporation Systems, 1201 Peachtree N.E., Atlanta, GA 30361.

9.   Alternatively, Comcast may be served by personal service upon its authorized officer or
     agent at its principal place of business, 1500 Market Street, Philadelphia, PA 19102.

10.  Comcast is subject to the jurisdiction and venue of this court.

## STATEMENT OF FACTS

11.  Plaintiff is the subscriber of cellular telephone number 404-957-xxxx.

12.  Beginning on or about January 21, 2016 and continuing through approximately March
     16, 2016, Comcast began using an automatic telephone dialing system to call Plaintiff on
     her cellular telephone seeking to collect a debt which she did not owe.

13.  Plaintiff is not now, nor has she ever been, a subscriber to, or account holder with,
     Comcast.

14.  As part of its collection campaign, Comcast initiated telephone calls to Plaintiff's cellular
     telephone number, 404-957-xxxx.

15.  On multiple occasions, Plaintiff answered the call and informed Comcast that she was not
     an account holder or subscriber to its services, that she was not the person who owed the
     debt Comcast sought to collect, and requested that Comcast stop calling her.

2

16.   Specifically, Plaintiff received telephone calls to her cellular telephone from the telephone numbers 844-860-5024, 866-594-1234, and 404-487-0421. These calls were made on January 21, 22, 25, 26, 27, 2016; February 18, 2016; March 7, 2016; and March 16, 2016.

17.   Plaintiff often received multiple calls from these numbers on these dates. The above calls persisted despite Plaintiff's request that the calls stop.

18.   Despite Comcast's knowledge that Plaintiff was not an account holder and did not owe a debt to Comcast, Comcast continued calling Plaintiff on several occasions as described above.

19.   Comcast maintains contact center software which connects to its telephony hardware and constitutes a dialing system that has the capacity to make telephone calls without human intervention and is thus an automatic telephone dialing system (ATDS).

20.   The telephone calls to Plaintiff's cellular number were initiated using Comcast's contact center software.

21.   Comcast's contact center software and dialing system stores telephone numbers.

22.   Comcast's contact center software and dialing system dials from a database of stored telephone numbers either at random or in a sequence, either pre-set or determined by algorithm.

23.   Comcast's contact center software and dialing system has the capacity to dial from a list of stored telephone numbers without human intervention.

24.   A live person reviewing Comcast account notes would not have made these calls to Plaintiff because such person would have known from a review of the account notes that no Comcast customer was available at Plaintiff's telephone number.

25. Dialing systems, like those employed by Comcast to call Plaintiff, lack human intelligence and continue to call until someone intervenes to force it to stop calling.

26. Comcast's telephone calls to Plaintiff were initiated using its automatic telephone dialing system (ATDS).

27. Comcast never obtained Plaintiff's prior express consent to call her cellular telephone number.

28. The above telephone calls to Plaintiff's cellular telephone number were knowingly and willfully initiated.

29. Comcast knew it did not have Plaintiff's consent to make the above-described calls.

30. Comcast knew that Plaintiff's telephone number was a cellular telephone number.

31. The above-described telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

32. It was the intent of Comcast to initiate the telephone calls to 404-957-xxxx.

33. Prior to Comcast's initial call to Plaintiff on or about January 21, 2016, it had actual or constructive knowledge that it did not have the prior express consent of Plaintiff at the time it initiated calls to her cellular number.

34. After Plaintiff's request to stop calling, Comcast had actual or constructive knowledge that it did not have Plaintiff's consent at the time of initiating further calls to her cellular number.

35. Prior to the initial telephone call on or about January 21, 2016, Comcast knew or should have known that Plaintiff's cellular number, 404-957-xxxx, was a cellular telephone number.

4

36. After Plaintiff requested Comcast to stop calling, Comcast knew or should have known that 404-957-xxxx was a cellular telephone number at the time of initiating further calls.

37. In the alternative, Comcast should have conducted a simple cell scrub using a recognized database, such as Neustar, to determine that 404-957-xxxx was a cellular telephone number.

38. The failure to property scrub to determine whether 404-957-xxxx was a cellular telephone number was in reckless disregard to Defendant's obligations under the TCPA.

39. The above-described telephone calls made by Comcast to Plaintiff constituted an annoyance, invaded Plaintiff's privacy interests, and temporarily blocked the use of her cellular telephone.

40. Plaintiff has complied with all conditions precedent from this action.

### CLASS ALLEGATIONS

41. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by Comcast (ii) to such person's cellular telephone number (iii) using the same or similar telephone system(s) Comcast, or any person on its behalf, used to call 404-957-xxxx, (iv) in the four year period preceding the filing of this action; (v) excluded from the class are those persons who provided his or her cellular telephone number to Comcast as to the debt that was being collected and who did not subsequently revoke their consent either in writing or verbally.

42. Plaintiff alleges a subclass of all such persons who requested that Comcast cease calling.

43. In the alternative, Plaintiff alleges a subclass of all such persons who are or were not Comcast subscribers.

5

44. The exact size of the class is information within the exclusive knowledge of the Defendant.

45. The class is so numerous that joinder of all members is impractical.

46. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff herself received many calls to her cellular telephone from Comcast, indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to her cellular telephone during the same day on multiple occasions; and 3) the sheer size and national scope of Comcast's collection campaigns.

47. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether Comcast's dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules; and

    b. Whether the telephone calls were made knowingly or willfully.

48. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

49. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

6

50.   Certification of the class under O.C.G.A. §9-11-23(b)(3) is appropriate in that:

    a.   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

    b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

51.   Plaintiff requests certification of a class pursuant to O.C.G.A. § 9-11-23(b)(3) for monetary damages and for certification of a class for injunctive relief to enjoin Defendants from further violation of the TCPA pursuant to O.C.G.A. § 9-11-23(b)(2).

## CAUSES OF ACTION

### COUNT ONE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(b)(3)(B) FOR VIOLATING THE TCPA

52.   The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

53.   Defendant used an automatic telephone dialing system to make and/or initiate calls to plaintiff's cellular telephone number.

54.   Defendant's violations of the TCPA include, but are not limited to, the following:

7

> Making and/or initiating telephone calls using an automatic
> telephone dialing system ... to any telephone number assigned to a
> cellular telephone service, in violation of 47 U.S.C. §
> 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

55.   As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

56.   Defendant's violations were committed willfully and knowingly.

57.   Plaintiff, on behalf of herself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

## COUNT TWO:  INJUNCTIVE RELIEF PURSUANT
## TO 47 U.S.C. §227(b)(3)(A)

58.   The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone calling system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuing calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

59.   Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

60.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from violating the TCPA in the future.

## COUNT THREE:  BAD FAITH ATTORNEY FEES

61.   Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telephone calls to Plaintiff's cellular telephone number without her consent.

8

62. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

63. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

### JURY TRIAL DEMAND

64. Plaintiff hereby demands a trial by jury on all issues so triable.

### DOCUMENT PRESERVATION DEMAND

65. Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

9

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and the class she seeks to represent against Defendant, as follows:

A.    Certification of this matter to proceed as a class action;

B.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

C.    Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

D.    Treble damages pursuant to 47 U.S.C. § 227(b)(3);

E.    Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

F.    Costs of this Action; and

G.    Such further and additional relief as the court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By:    _____

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA  30189
Telephone: (770) 427-5600
Facsimile:  (404 ) 601-1855

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

10

BOHRER BRADY, LLC
Philip Bohrer  (*pro hac vice forthcoming*)
phil@bohrerbrady.com
Scott E. Brady (*pro hac vice forthcoming*)
scott@bohrerbrady.com
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

KEOGH, COX & WILSON
John P. Wolff, III (*pro hac vice forthcoming*)
Christopher K. Jones (*pro hac vice forthcoming*)
701 Main Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612

Fulton County Superior Court
***EFILED***RM
Date: 4/12/2016 7:13:09 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SARAH WINGARD, *on behalf of herself* :
*and all others similarly situated,* :
c/o Skaar & Feagle, LLP :
133 Mirramont Lake Drive :
Woodstock, GA 30189 :
       :
       Plaintiff, :
       :
       : CIVIL ACTION FILE
v. :
       :     2016CV273833
       : No. _____
COMCAST CORPORATION, :
c/o C T Corporation System :
1201 Peachtree Street, NE :
Atlanta, GA 30361 :
       :
       Defendant. :
       :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of the Superior Court of Fulton County in the State of Georgia, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This     _____4/12/2016_____
               (Date)

                                 _____
                                 Clerk
                                 Superior Court of Fulton County

| Date Received: | 4/13/2016 | Case No.: | 2016CV273833 |
|---|---|---|---|

SARAH WINGARD, on behalf of herself and all others

similarly situated, c/o Skaar & Feagle, LLP

Court:   FULTON SUPERIOR COURT

Type of Writ

SUMMONS AND COMPLAINT

VS.         Plaintiff (s)

COMCAST CORPORATION

c/o CT CORPORTION SYSTEMS

Fulton County Superior Court

***EFILED***MH

Date: 4/18/2016 10:25:02 AM

Cathelene Robinson, Clerk

Defendant (s)

TO DEFENDANT: COMCAST CORPORATION
              c/o CT CORPORATION SYTEMS

ADDRESS: 1201 PEACHTREE STREET, SUITE 1240      CITY: ATLANTA      GA, ZIPCODE: 30361

RECEIVED THIS SUMMONS AND COMPLAINT:   4/13/2016   AND ON:   4/13/2016   at:   1:55 PM  IN:   FULTON   CO.

I SERVED: _X_NON SERVED: ___NAMED: COMCAST CORPORATION                          c/o CT CORPORATION SYTEMS

# AFFIDAVIT OF SERVICE

Personally appeared before me, the undersigned officer duly authorized to administer oaths, ALONZO EVANS
who first being duly sworn on oaths deposes and states that he is a Citizen of the United States, over 18 years of age
and a party having no interest in this action. Affiant further states he has completed the Georgia Certified Process Server
program and is duly authorized to serve process within this County and is permanently/ specially appointed by court order.

Affiant further states that this Summons and Complaint was served as indicated below.

PERSONAL - I have this day served _____
personally with a copy of the within action and summons.
Description  SEX: _____  RACE: _____  HT: _____  BUILD: _____  HAIR: _____  OTHER: _____
                                          around                                                           around

NOTORIOUS - I have this day served the defendant: _____
by leaving a copy of the action and summons with: _____ at his/her most
notorious place of abode or, to: _____ at his/her place of employment who is
authorized to accept on his/her behalf.
Description  SEX.: _____  RACE.: _____  HT.: _____  BUILD.: _____  HAIR.: _____  OTHER.: _____
                                          around                                                           around

X    CORPORATE Served, upon Corporation_____  COMCAST CORPORATION
By serving: _____  in charge of the office or by serving
_____ AMELIA GARNER, COS _____  its Registered Agent.

POSTED to Property or place of abode   Vacant Home or VacantProperty: _____

$60.

PROCESS SERVER'S FEE

NO SERVICE: For the reason that after diligent search and inquiry failed to find  said: _____
to be in: _____  County.
Comments: _____
1st attempt: _____  2nd attempt: _____  3rd attempt: _____
4th attempt: _____  5th attempt: _____  6th attempt: _____

Anita Evans

Sworn and subscribed to before me   this: __13__  day of   April 2016   and notarized by me on this date.

NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires
June 7, 2019

BY: _____
Alonzo Evans Georgia Certified Process Server # 0000216
PROFESSIONAL PROCESS SERVICE OF GEORGIA, INC
3577 Chamblee Tucker Road, Suite A287
Atlanta, GA 30341
(404) 997-1614

Notary Public
My Commission expires on

Fulton County Superior Court
***EFILED***RM
Date: 4/18/2016 3:50:32 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SARAH WINGARD, *on behalf of herself* :
*and all others similarly situated*, :
c/o Skaar & Feagle, LLP :
133 Mirramont Lake Drive :
Woodstock, GA 30189 :
                                      :
        Plaintiff, :
                                      :       CIVIL ACTION FILE
v. :
                                      :       No. 2016 CV 273833
COMCAST CORPORATION, :
c/o C T Corporation System :
116 Pine Street - Suite 320 :
Harrisburg, Pennsylvania 17101 :
                                      :
        Defendant. :
                                      :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

        You are hereby summoned and required to file with the CLERK of the Superior Court of
Fulton County in the State of Georgia, and serve upon the Plaintiff's attorney, to wit, whose
name and address is:

Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

                    4/12/2016
This    _____
                      (Date)

                                        _____
                                        Clerk
                                        Superior Court of Fulton County

 CT Corporation

**Service of Process Transmittal**
04/26/2016
CT Log Number 529062560

TO:     Rosemarie Pierce
        Comcast Corporation
        1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
        Philadelphia, PA 19103

RE:     **Process Served in Pennsylvania**

FOR:    Comcast Corporation  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sarah Wingard, etc., et al., Pltfs. vs. Comcast Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fulton County Superior Court, GA<br>Case # 2016CV273833 |
| **NATURE OF ACTION:** | Class Action - The constitutes violations of the Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/26/2016 at 10:15 |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Justin T. Halcombe<br>Skaar & Feagle, LLP<br>133 Mirramont Lake Drive<br>Woodstock, GA 30189<br>770-427-5600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/26/2016, Expected Purge Date: 05/01/2016<br><br>Image SOP |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | CT Corporation System<br>116 Pine St Ste 320<br>Harrisburg, PA 17101-1250<br>717-234-6004 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Fulton County Superior Court
***EFILED***RM
Date: 4/18/2016 3:50:32 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

SARAH WINGARD, *on behalf of herself* :
*and all others similarly situated,* :
c/o Skaar & Feagle, LLP :
133 Mirramont Lake Drive :
Woodstock, GA 30189 :
:
      Plaintiff, :
:
                                      :     CIVIL ACTION FILE
v. :
                                        :     No. 2016 CV 273833
:
COMCAST CORPORATION, :
c/o C T Corporation System :
116 Pine Street - Suite 320 :
Harrisburg, Pennsylvania 17101 :
:
      Defendant. :

## SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

      You are hereby summoned and required to file with the CLERK of the Superior Court of Fulton County in the State of Georgia, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                4/12/2016

This   —————————————————
              (Date)

                                               ————————————————

                                             Clerk
                                           Superior Court of Fulton County

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SARAH WINGARD, *on behalf of herself*     \*
*and all others similarly situated,*     \*
    \*
      Plaintiff,     \*
    \*
    \*         2016CV273833
Vs.     \*     Civil Action No._____
    \*
    \*
COMCAST CORPORATION,     \*
    \*
      Defendant     \*
    \*

## CLASS ACTION COMPLAINT

1.   Plaintiff, SARAH WINGARD ("Wingard"), on behalf of herself and all others similarly situated, alleges defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") by initiating non-emergency telephone calls using an automatic telephone dialing system ("ATDS") to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

### PARTIES AND JURISDICTION

2. Plaintiff, Sarah Wingard, is a natural person residing in the County of Gwinnett, State of Georgia, and is authorized by law to bring this action.

3. Defendant, Comcast Corporation ("Comcast"), is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business located at 1500 Market Street, Philadelphia, PA 19102.

4. Comcast conducts business nationally, including throughout the State of Georgia and within Fulton County.

5. Comcast provides cable television and internet services to customers throughout the State of Georgia and other states in the United States of America.

6. In the course of its business, Comcast initiated telephone calls to Plaintiff's cellular telephone within the State of Georgia.

7. Comcast's telephone calls to Plaintiff's cellular telephone in Georgia give rise to Plaintiff's causes of action.

8. Comcast may be served by personal service upon its registered agent in the State of Georgia, CT Corporation Systems, 1201 Peachtree N.E., Atlanta, GA 30361.

9. Alternatively, Comcast may be served by personal service upon its authorized officer or agent at its principal place of business, 1500 Market Street, Philadelphia, PA 19102.

10. Comcast is subject to the jurisdiction and venue of this court.

## STATEMENT OF FACTS

11. Plaintiff is the subscriber of cellular telephone number 404-957-xxxx.

12. Beginning on or about January 21, 2016 and continuing through approximately March 16, 2016, Comcast began using an automatic telephone dialing system to call Plaintiff on her cellular telephone seeking to collect a debt which she did not owe.

13. Plaintiff is not now, nor has she ever been, a subscriber to, or account holder with, Comcast.

14. As part of its collection campaign, Comcast initiated telephone calls to Plaintiff's cellular telephone number, 404-957-xxxx.

15. On multiple occasions, Plaintiff answered the call and informed Comcast that she was not an account holder or subscriber to its services, that she was not the person who owed the debt Comcast sought to collect, and requested that Comcast stop calling her.

2

16. Specifically, Plaintiff received telephone calls to her cellular telephone from the telephone numbers 844-860-5024, 866-594-1234, and 404-487-0421. These calls were made on January 21, 22, 25, 26, 27, 2016; February 18, 2016; March 7, 2016; and March 16, 2016.

17. Plaintiff often received multiple calls from these numbers on these dates. The above calls persisted despite Plaintiff's request that the calls stop.

18. Despite Comcast's knowledge that Plaintiff was not an account holder and did not owe a debt to Comcast, Comcast continued calling Plaintiff on several occasions as described above.

19. Comcast maintains contact center software which connects to its telephony hardware and constitutes a dialing system that has the capacity to make telephone calls without human intervention and is thus an automatic telephone dialing system (ATDS).

20. The telephone calls to Plaintiff's cellular number were initiated using Comcast's contact center software.

21. Comcast's contact center software and dialing system stores telephone numbers.

22. Comcast's contact center software and dialing system dials from a database of stored telephone numbers either at random or in a sequence, either pre-set or determined by algorithm.

23. Comcast's contact center software and dialing system has the capacity to dial from a list of stored telephone numbers without human intervention.

24. A live person reviewing Comcast account notes would not have made these calls to Plaintiff because such person would have known from a review of the account notes that no Comcast customer was available at Plaintiff's telephone number.

3

25.    Dialing systems, like those employed by Comcast to call Plaintiff, lack human
       intelligence and continue to call until someone intervenes to force it to stop calling.

26.    Comcast's telephone calls to Plaintiff were initiated using its automatic telephone dialing
       system (ATDS).

27.    Comcast never obtained Plaintiff's prior express consent to call her cellular telephone
       number.

28.    The above telephone calls to Plaintiff's cellular telephone number were knowingly and
       willfully initiated.

29.    Comcast knew it did not have Plaintiff's consent to make the above-described calls.

30.    Comcast knew that Plaintiff's telephone number was a cellular telephone number.

31.    The above-described telephone calls to Plaintiff's cellular telephone number were not
       initiated by accident or mistake.

32.    It was the intent of Comcast to initiate the telephone calls to 404-957-xxxx.

33.    Prior to Comcast's initial call to Plaintiff on or about January 21, 2016, it had actual or
       constructive knowledge that it did not have the prior express consent of Plaintiff at the
       time it initiated calls to her cellular number.

34.    After Plaintiff's request to stop calling, Comcast had actual or constructive knowledge
       that it did not have Plaintiff's consent at the time of initiating further calls to her cellular
       number.

35.    Prior to the initial telephone call on or about January 21, 2016, Comcast knew or should
       have known that Plaintiff's cellular number, 404-957-xxxx, was a cellular telephone
       number.

4

36.     After Plaintiff requested Comcast to stop calling, Comcast knew or should have known

        that 404-957-xxxx was a cellular telephone number at the time of initiating further calls.

37.     In the alternative, Comcast should have conducted a simple cell scrub using a recognized

        database, such as Neustar, to determine that 404-957-xxxx was a cellular telephone

        number.

38.     The failure to property scrub to determine whether 404-957-xxxx was a cellular

        telephone number was in reckless disregard to Defendant's obligations under the TCPA.

39.     The above-described telephone calls made by Comcast to Plaintiff constituted an

        annoyance, invaded Plaintiff's privacy interests, and temporarily blocked the use of her

        cellular telephone.

40.     Plaintiff has complied with all conditions precedent from this action.

## CLASS ALLEGATIONS

41.     This action is brought on behalf of a class defined as (i) all persons to whom a call was

        initiated by Comcast (ii) to such person's cellular telephone number (iii) using the same

        or similar telephone system(s) Comcast, or any person on its behalf, used to call 404-957-

        xxxx, (iv) in the four year period preceding the filing of this action; (v) excluded from the

        class are those persons who provided his or her cellular telephone number to Comcast as

        to the debt that was being collected and who did not subsequently revoke their consent

        either in writing or verbally.

42.     Plaintiff alleges a subclass of all such persons who requested that Comcast cease calling.

43.     In the alternative, Plaintiff alleges a subclass of all such persons who are or were not

        Comcast subscribers.

5

44. The exact size of the class is information within the exclusive knowledge of the Defendant.

45. The class is so numerous that joinder of all members is impractical.

46. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff herself received many calls to her cellular telephone from Comcast, indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to her cellular telephone during the same day on multiple occasions; and 3) the sheer size and national scope of Comcast's collection campaigns.

47. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether Comcast's dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules; and

    b. Whether the telephone calls were made knowingly or willfully.

48. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

49. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

6

50.   Certification of the class under O.C.G.A. §9-11-23(b)(3) is appropriate in that:

  a.   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

  b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

51.   Plaintiff requests certification of a class pursuant to O.C.G.A. § 9-11-23(b)(3) for monetary damages and for certification of a class for injunctive relief to enjoin Defendants from further violation of the TCPA pursuant to O.C.G.A. § 9-11-23(b)(2).

## CAUSES OF ACTION

### COUNT ONE:  MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(b)(3)(B) FOR VIOLATING THE TCPA

52.   The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

53.   Defendant used an automatic telephone dialing system to make and/or initiate calls to plaintiff's cellular telephone number.

54.   Defendant's violations of the TCPA include, but are not limited to, the following:

7

> Making and/or initiating telephone calls using an automatic
> telephone dialing system ... to any telephone number assigned to a
> cellular telephone service, in violation of 47 U.S.C. §
> 227(b)(1)(A)(iii) and 47 CFR §  64.1200(a)(1)(iii).

55.   As a result of Defendant's actions, Plaintiff and the members of the class are entitled to
      an award of damages of $500.00 for each such violation.

56.   Defendant's violations were committed willfully and knowingly.

57.   Plaintiff, on behalf of herself and the class, requests the court treble damages pursuant to
      47 U.S.C. §227(b)(3).

### COUNT TWO:  INJUNCTIVE RELIEF PURSUANT
### TO 47 U.S.C. §227(b)(3)(A)

58.   The acts described above constitute violations of the Telephone Consumer Protection Act
      by Defendant's use of an automatic telephone calling system to make and/or initiate calls
      to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by
      Defendant's continuing calling of Plaintiff, in violation of the TCPA, Defendant's
      policies and procedures violate the TCPA on a continuing basis.

59.   Based on Defendant's pattern and practice of violating the TCPA, future violations will
      continue.

60.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief
      pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from violating the
      TCPA in the future.

### COUNT THREE:  BAD FAITH ATTORNEY FEES

61.   Defendant willingly, knowingly, and intentionally violated the TCPA in making
      autodialed telephone calls to Plaintiff's cellular telephone number without her consent.

8

62.     "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

63.     "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

## JURY TRIAL DEMAND

64.     Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

65.     Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

9

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and

the class she seeks to represent against Defendant, as follows:

A.    Certification of this matter to proceed as a class action;

B.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

C.    Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

D.    Treble damages pursuant to 47 U.S.C. § 227(b)(3);

E.    Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

F.    Costs of this Action; and

G.    Such further and additional relief as the court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By:

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: (770) 427-5600
Facsimile: (404 ) 601-1855

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

10

**BOHRER BRADY, LLC**
Philip Bohrer *(pro hac vice forthcoming)*
phil@bohrerbrady.com
Scott E. Brady *(pro hac vice forthcoming)*
scott@bohrerbrady.com
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**KEOGH, COX & WILSON**
John P. Wolff, III *(pro hac vice forthcoming)*
Christopher K. Jones *(pro hac vice forthcoming)*
701 Main Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612

11